UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **JARVIS J. SHELVIN**<br>     **LA. DOC #553490**<br>**VS.** | **CIVIL ACTION NO. 6:13-cv-2310**<br><br>**SECTION P**<br><br>**JUDGE REBECCA F. DOHERTY** |
| **BURL CAIN, WARDEN** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Jarvis J. Shelvin, an inmate in Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on July 18, 2013. Petitioner attacks his 2009 conviction for second degree murder and the mandatory sentence of life without benefit of parole that was imposed by the Fifteenth Judicial District Court, Lafayette Parish.  Petitioner also seeks an order of stay and abeyance. [Doc. 1, pp. 16-19]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d) and, that the Motion for Stay and Abeyance [Doc. 1, pp. 16-19] be **DENIED.**

*Statement of the Case*

Petitioner was found guilty of second degree murder on May 20, 2009. He was thereafter sentenced to serve life without benefit of parole. He appealed his conviction to the Third Circuit Court of appeals arguing (1) sufficiency of the evidence of identification, and (2) the erroneous introduction of gruesome crime scene photographs. On May 5, 2010 his conviction was affirmed

in an unpublished opinion. *State of Louisiana v. Jarvis Jermaine Shelvin*, 2009-1283 (La. App. 3 Cir. 5/5/2010), 34 So.3d 1168 (Table), 2010 WL 1780257. On some unspecified date petitioner applied for certiorari with the Louisiana Supreme Court. On December 17, 2010 the Supreme Court denied writs. *State of Louisiana v. Jarvis Jermaine Shelvin*, 2010-1225 (La. 12/17/2010), 51 So.2d 18.

Following the conclusion of direct review petitioner obtained the services of inmate counsel for the preparation of a post-conviction collateral attack. In the meantime, petitioner's family retained counsel who agreed to examine the application prepared by inmate counsel, make any necessary changes, and enrol as counsel and file the pleading in the District Court. Counsel filed the application for post-conviction relief on May 4, 2012. A hearing was convened on the application on February 21, 2013 and it was on that date that petitioner discovered the date that his application was filed. Following the hearing, the District Court apparently denied relief. It is unclear whether or not an application for writs seeking review of the February 21, 2013 judgment has been filed. [See Doc. 1, pp. 16-18]

Petitioner signed his pleadings on July 11, 2013 and presented them to the prison Legal Programs Department for filing on July 18, 2013. The pleadings were electronically filed that same day. [Doc. 1, pp. 14- 15] Petitioner argues the following claims for relief – (1) insufficient evidence of identity; (2) introduction of prejudicial crime scene photographs; (3) prejudice occasioned by the State's amendment of the charges from First Degree Murder to Second Degree Murder based on the fact that the latter charge allows for a non-unanimous jury (petitioner also argues that the provision allowing for conviction by a non-unanimous jury is unconstitutional); (4) petitioner was prevented from presenting his defense; (5) court reporter failed to record bench

conferences; (6) improper arguments by the State; (7) failure of the State to disclose a deal made with the co-defendant; (8) failure to instruct jury when asked for clarification; (9) ineffective assistance of trial and appeal counsel.

*Law and Analysis*

*1. Timeliness under § 2244(d)(1)(A)*

This petition was filed after the April 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse

---

[1] Nothing of record suggests that the limitations period should be reckoned as provided by 28 U.S.C. §(d)(1)(B), (C), or (D) in that petitioner has not alleged the presence of state created impediments to filing, or a newly recognized Constitutional right, or the recent discovery of the facts his petition is premised upon.

of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction and sentence to the Third Circuit Court of Appeals and when that court affirmed his conviction and sentence, petitioner sought further direct review in the Louisiana Supreme Court. The Louisiana Supreme Court denied writs on direct review on December 17, 2010.  *State of Louisiana v. Jarvis Jermaine Shelvin*, 2010-1225 (La. 12/17/2010), 51 So.2d 18.  Petitioner did not seek further direct review in the United States Supreme Court; therefore, his judgment of conviction and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..."  90 days later or, on or about March 17, 2011 when the time limits for seeking further direct review by filing a petition for *certiorari* in the United States Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of *certiorari* by the Supreme Court or expiration of the period for seeking *certiorari*."  Under Rule 13.1 of the Supreme Court Rules, the petitioner had ninety days from the Louisiana Supreme Court's judgment denying  his petition for *certiorari* to file a petition for a writ of *certiorari*. *See Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994)).  Thus, the AEDPA limitations period began to run on March 17, 2011 and he had one year, or until March 17, 2012 to file his *habeas corpus* petition.

Petitioner cannot rely upon the statutory tolling provision of 28 U.S.C. §2244(d)(2) because by his own admission, his application for post-conviction relief was not filed in the

District Court until May 4, 2012 and by that time the limitations had already expired and could not be revived by the filing of his otherwise time application. It is therefore clear that a period of more than 1-year elapsed un-tolled between the date that petitioner's judgment of conviction became final by the conclusion of the time for seeking further direct review and the date he filed the instant petition for *habeas corpus*.

## 2. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "... a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. —, 130 S.Ct. 2549, 2562, (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). Further, while the negligence or ineffective assistance of post-conviction counsel may form the basis for overcoming a procedural default (*Martinez v. Ryan*, — U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), it does not appear to qualify as an "extraordinary circumstance" so as to warrant equitable tolling. *United States v. Perry*, 530 F.3d 361, 366 (5th Cir. 2008), citing *United States v. Riggs*, 314 F.3d 796, 799 (5th

Cir. 2002).

Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case. The petitioner was not actively misled by the state of Louisiana; nor does it appear that he was prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. Of course, as instructed below, petitioner may object to this Report and Recommendation, and, if he does so, he should provide evidence and argument to establish that he is entitled to either equitable or statutory tolling of the limitations period.

### 3. Motion for Stay and Abeyance

Petitioner has also requested a stay of these proceedings so that he may resume his post-conviction litigation in the Louisiana Courts. However, since these proceedings are apparently time-barred, he offers no logical reason for the issuance of the stay.

### Conclusion and Recommendation

Therefore,

Petitioner's Motion for Stay and Abeyance [Doc. 1, pp. 16-19] is **DENIED**; and,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana August 19, 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE