UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **JARVIS J. SHELVIN**<br>　　**LA. DOC #553490**<br>**VS.** | **CIVIL ACTION NO. 6:13-cv-2310**<br><br>**SECTION P**<br><br>**JUDGE REBECCA F. DOHERTY** |
| **BURL CAIN, WARDEN** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

  Jarvis J. Shelvin, an inmate in Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on July 18, 2013.  He attacks his 2009 conviction for second degree murder and the mandatory sentence of life without benefit of parole that was imposed by the Fifteenth Judicial District Court, Lafayette Parish.

  On August 19, 2013 the undersigned recommended dismissal of the petition as time-barred. [Doc. 7] On September 3, 2013 petitioner objected to the Report and Recommendation; he conceded the petition was time-barred but claimed that he is entitled to the benefits of equitable tolling based upon the misconduct of retained post-conviction counsel. [Doc. 8] The matter was remanded for further consideration in light of petitioner's objections. [Doc. 9]

### *Statement of the Case*

  The Louisiana Supreme Court denied writs on direct review on December 17, 2010. *State of Louisiana v. Jarvis Jermaine Shelvin*, 2010-1225 (La. 12/17/2010), 51 So.2d 18. Petitioner did not seek further direct review in the United States Supreme Court; therefore, his judgment of conviction and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..."  90 days later or, on or about March 17, 2011 when

the time limits for seeking further direct review by filing a petition for *certiorari* in the United States Supreme Court expired. Petitioner's application for post-conviction relief was filed on May 4, 2012, more than one-year after the judgment of conviction and sentence became final.

*Motion for Stay and Abeyance [Doc. 1, pp. 16-20] and*,
*Memorandum of Law Supporting Petition for Habeas Corpus [Doc. 1-2]*

In his pleadings filed on July 18, 2013 petitioner claimed –

1. On some unspecified date, Inmate Counsel Larry Sharp prepared petitioner's application for post-conviction relief for filing in the Fifteenth Judicial District Court.

2. On some unspecified date, petitioner's family hired attorney Michael Thomas of Houston, Texas. Thomas "agreed to look over the writ, make an necessary changes, and enroll as counsel."

3. During some unspecified period of time petitioner made "numerous requests" of Thomas to provide him with a copy of the writ showing the date of filing and contents; however, the requested copy was not forthcoming.

4. An evidentiary hearing was convened on February 21, 2013 and on that date petitioner obtained a copy of the application which had been filed on May 4, 2012.

5. Post-conviction relief was denied at the conclusion of the hearing. Thomas advised petitioner that he would seek further review contingent upon petitioner paying additional legal fees. On unspecified dates, petitioner and his family members wrote and called Thomas "many times" in an attempt to obtain transcripts of the evidentiary hearing, however, Thomas apparently did not comply with their requests.

6. On July 18, 2013 petitioner alleged that his family were "trying to raise the funds to

pay for the supervisory writ." Petitioner's family was apparently unsuccessful in their efforts as of July 18, 2013, the date the instant petition was filed. On unspecified dates following the hearing petitioner was unable to contact his attorney and therefore, as of the date of filing, petitioner was "in the process of filing his own supervisory writ after he obtains the evidentiary hearing transcripts." As of July 18, 2013, petitioner was unaware whether Thomas had filed a Notice of Intent to seek review in the Court of Appeals because "counsel refuses to return his family's calls or respond to his letters."

### *Report and Recommendation [Doc. 7]*

As previously noted, the undersigned recommended dismissal of petitioner's *habeas* action as time-barred. The undersigned also observed that, based upon the evidence provided, petitioner was not eligible for equitable tolling and concluded, "Of course, as instructed below, petitioner may object to this Report and Recommendation, and, if he does so, <u>he should provide evidence and argument to establish that he is entitled to either equitable or statutory tolling of the limitations period</u>." (Emphasis supplied)

### *Objection to Report and Recommendation [Doc. 8]*

In his Objection filed on September 3, 2012 petitioner conceded that his petition was indeed filed after the 1-year period of limitations had expired, but that he was entitled to equitable tolling based upon the following:

1. He "maintains that it was his attorney's unprofessional and egregious behavior that caused his AEDPA one-year time limit to expire."

2. Petitioner "did not know when his attorney had filed his post conviction relief application." He again alleged that he wrote counsel "numerous times and provided him with the

filing deadline" but "never received a response from his lawyer other than word through his family that he 'was on top of it and everything was under control.'" Once again, petitioner did not specify the dates he corresponded with his attorney.

     3. Petitioner and his family on unspecified dates "attempted a myriad of times to contact the attorney." However, "[n]o response was received and the attorneys' secretary told the family members that they were not available for consultation 'at this time.'" <u>Thereafter, on some unspecified date, "[i]t became evident that the lawyer was avoiding them."</u> (Emphasis supplied)

     4. Inmate counsel provided petitioner with a time-line showing when his federal limitations period would expire and petitioner "notified his attorney in numerous letters about the deadline and even mailed him a copy of the time-line prepared by inmate counsel Sharp."

     5. At the conclusion of the February 21, 2013 evidentiary hearing petitioner was not provided a copy of the ruling denying relief. Petitioner "wrote his attorney numerous times asking for the document, but again, he got no response."

*Law and Analysis*

     Petitioner contends that he is entitled to equitable tolling because his attorney's "unprofessional and egregious behavior ... caused his AEDPA one-year time limit to expire." The facts alleged suggest otherwise.

     On some unspecified date, presumably after the conclusion of his direct appeal, Inmate Counsel Larry Sharp prepared an application for post-conviction relief for petitioner to file in the Fifteenth Judicial District Court. On some unspecified date, his family retained post-conviction counsel to pursue post-conviction relief on petitioner's behalf. Counsel agreed to review, edit, and file the application and memorandum and to enrol as counsel of record. On some unspecified

4

date petitioner then sent the documents to counsel so that he could review and amend if necessary. Thereafter, petitioner and his family on "numerous" occasions attempted to contact counsel to ascertain the status of the proceeding and to specifically ensure that the pleading was filed within a year of the date of finality of judgment to preserve petitioner's federal *habeas corpus* rights. Petitioner's numerous calls and letters were apparently ignored. Being concerned about the deadlines, petitioner obtained a time-line from Inmate Counsel Sharp. This time-line apparently detailed the various deadlines associated with petitioner's post-conviction litigation. On some unspecified date petitioner sent this time-line to counsel. At some point in time "[i]t became evident that the lawyer was avoiding them." Nevertheless, it does not appear that petitioner or his family at any time contacted the Clerk of Court in Lafayette Parish to ascertain whether or not his application had been filed. Instead, petitioner waited until February 21, 2013, the date of the evidentiary hearing, to discover that his pleading, while timely filed under Louisiana law, was filed more than one year after the expiration of AEDPA's limitations period.

      As previously noted, AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).

      A *habeas corpus* petitioner is "'entitled to equitable tolling' only if he shows '(1) that he

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 2549, 2562, 130 S.Ct. 2549, 2562, (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). The burden of proof is on the petitioner seeking equitable tolling. *Pace*, 544 U.S. at 418.

In the recent past, attorney error or neglect was not considered an extraordinary circumstance so as to warrant equitable tolling. *Cousin v. Lensing*, 310 F.3d 843 (5th Cir.2002). This view was shared by the Supreme Court. See *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel.") However, the most recent pronouncement of the Supreme Court on this issue recognized a limited exception to that general rule. In *Holland v. Florida*, 130 S.Ct. 2549, 2564 (2010), the Court held that, while a "garden variety claim of misconduct," such as a simple miscalculation of a deadline, does not warrant equitable tolling, such tolling may be warranted by "far more serious instances of attorney misconduct."

Petitioner maintains that retained post-conviction counsel refused to communicate with either petitioner or his family despite their repeated attempts to ascertain the status of his post-conviction litigation. However, petitioner offers NO EVIDENCE to support these conclusory allegations. Indeed, petitioner has not even alleged the date that Mr. Thomas was retained by his family; he has produced no contract outlining the duties assumed by Mr. Thomas; nor has he provided the dates upon which petitioner or his family members attempted to contact Thomas.

Nevertheless, even if petitioner could establish that counsel engaged in egregious misconduct, petitioner would still not be eligible for the benefits of equitable tolling because the undisputed facts of this case demonstrate a complete lack of diligence on petitioner's part. The diligence required for equitable tolling purposes is reasonable diligence. *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549 at 2565 (2010). Given the fact that both petitioner and his family attempted to ascertain the status of the case on "numerous" and "myriad" occasions, it is clear, and in fact petitioner admits, that at some point in time it became evident that Mr. Thomas was "avoiding them." Further, petitioner was clearly aware of the approaching dead line because, again, by his own admission, Inmate Counsel Sharp had prepared a time-line for him. Nevertheless, given the knowledge of the approaching AEDPA deadline, and, the knowledge that Mr. Thomas was avoiding him, petitioner made no effort to discover the status of his pleadings through other sources, namely the Lafayette Parish Clerk of Court. Thus, like the petitioner in *Holland, supra*, petitioner "wrote his attorney numerous letters seeking crucial information and providing direction"; however, he failed thereafter to contact the State court or the Clerk of Court, and, unlike Mr. Holland, although his post-conviction application was prepared and presumably ready for filing when the dead line approached, he failed to promptly file it.

In other words, petitioner, being in possession of post-conviction pleadings already prepared by Inmate Counsel Sharp, and, having knowledge of the impending dead-line, and knowledge of the fact that Mr. Thomas was avoiding his calls, should have preserved his rights by filing his application *pro se* in the District Court. However, he failed to do so. His lack of diligence alone is determinative. *Tsolainos v. Cain*, — Fed. Appx. —, (5th Cir. 2013), 2013 WL 5433774.

In short, petitioner has relied only upon conclusory allegations to establish extraordinary circumstances; and, even if he could establish, through competent evidence, the egregious conduct of post-conviction counsel, the facts he himself has admitted establish a complete lack of diligence and therefore he is not entitled to equitable tolling of the 1-year period of limitations defined by Section 2244(d).

### *Conclusion and Recommendation*

Therefore,

**IT IS AGAIN RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana November 22, 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE